IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROCKTENN CP, LLC f/k/a SMURFIT-STONE CONTAINER CORPORATION,<br><br>　　　　Defendant. | CIVIL ACTION NO. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Darren Fraley ("Fraley") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("Commission") alleges that RockTenn CP, LLC f/k/a Smurfit-Stone Container Corporation ("Defendant") failed to provide Fraley with a reasonable accommodation and subsequently terminated his employment because of his disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Florence Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Florence Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a South Carolina corporation, doing business in the State of South Carolina, and the City of Latta, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Fraley filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions

precedent to the institution of this lawsuit have been fulfilled.

8. Fraley was hired by Defendant on or about August 25, 2008 to work as a third-shift Production Supervisor at a container plant operated by Defendant in Latta, South Carolina. At all relevant times, Fraley was qualified to perform the essential functions of his position and performed his duties at a level that met Defendant's legitimate expectations.

9. On or around August 1, 2009, Defendant engaged in unlawful employment practices at its facility in Latta, South Carolina, in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), 42 U.S.C. § 12112. As described more fully below, Defendant discriminated against Fraley, who suffers from a disability, by failing to provide him with a reasonable accommodation and by terminating Fraley because of his disability.

10. During all times relevant to the allegations of this complaint, Fraley had an actual disability as defined by the ADA. Specifically, in February 2009, Fraley was hospitalized when the L4 and L5 vertebrae in his spine ruptured and nearly collapsed. On February 17, 2009, Fraley informed Defendant's senior human resources clerk (the "HR Clerk") that he had been hospitalized, was under a doctor's care, and he would require back surgery. Fraley also informed the HR Clerk that he had been taken out of work by his physician pending recovery from surgery. In response, the HR Clerk informed Fraley that he was eligible for short-term disability benefits ("STD"). The HR Clerk further requested that Fraley kept her informed of any changes to his medical condition and that he fax her medical updates from his doctor. On March 2, 2009, Defendant placed Fraley on STD leave, retroactive to February 23, 2009.

11. Around March 16, 2009, Fraley consulted a specialist who recommended that Fraley undergo surgery to his back. On March 21, 2009, Fraley underwent surgery on his back

that was unsuccessful and almost fatal. On April 3, 2009, Fraley faxed the HR Clerk a copy of his doctor's note that excused him from work from February 16, 2009 through April 20, 2009 because of his back impairment. Fraley's doctor's note informed Defendant that Fraley underwent surgery and his return to work status would be reassessed at his follow up appointment on April 20, 2009.

12. On April 20, 2009, Fraley attended his doctor's appointment and another back surgery was scheduled for him at that time. The same day, Fraley faxed Defendant's HR Clerk his doctor's note that excused him from work from April 20, 2009 through July 13, 2009 because of his back impairment. The doctor's note stated that Fraley would be having repeat surgery on or about June 12, 2009, and that his work status would be reassessed at his follow up appointment on or about July 13, 2009.

13. On June 9, 2009, Fraley underwent a second back surgery which was successful. On July 6, 2009, Fraley faxed Defendant's HR Clerk his doctor's note that excused him from work for approximately four (4) weeks from the date of the doctor's note, to enable him to recover.

14. On or about July 29, 2009, Defendant engaged in unlawful employment practices at its facility in Latta, South Carolina, when it failed to provide Fraley with a reasonable accommodation and subsequently terminated his employment because of his disability. Specifically, on or about July 29, 2009, Defendant's HR Clerk called Fraley and informed him that Defendant had mistakenly placed on STD leave because he had not worked the requisite amount of time to qualify for STD. Defendant's HR Clerk further informed Fraley that Fraley's employment was terminated because he was not eligible for STD.

15. Fraley objected to his termination and told Defendant's HR Clerk that he was

scheduled to be released to return to work the following week. Fraley also told Defendant's HR Clerk that he would have done whatever was required by Defendant in order for him to be eligible for leave and to retain his employment. Defendant's HR Clerk informed Fraley that he was terminated effective August 1, 2009. At the time he was discharged, Fraley's position with Defendant had not been filled.

16. On August 3, 2009, Fraley's doctor released him to return to work without restrictions, effective August 4, 2009. Throughout the period from February 2009, until August 2009, Fraley was substantially limited in his ability to stand, walk and lift because of his back impairment. At all relevant times, Fraley was a qualified individual with a disability and could perform the essential functions of his job with a reasonable accommodation.

17. Defendant refused to allow Fraley leave as a reasonable accommodation for his disability for the period from around July 29, 2009 until he was released to return to work around August 4, 2009. Rather, Defendant discharged Fraley because he could not return to work because of his disability. Both of these actions violated the ADA.

18. The effect of the practices complained of above have been to deprive Fraley of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Fraley.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents,

employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from failing to accommodate and discharging its employees with disabilities who require leave as an accommodation, and engaging in any other employment practices that discriminate on the basis of disability.

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals with physical impairments, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make Darren Fraley whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

  D. Order Defendant to make Darren Fraley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make Darren Fraley whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  F. Order Defendant to pay Darren Fraley punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 26th day of June, 2013.

>Respectfully submitted,
>
>P. DAVID LOPEZ
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REEMS
>Associate General Counsel
>Equal Employment Opportunity Commission
>131 M Street, N.E.
>Washington, D.C.  20507
>
>LYNETTE A. BARNES
>Regional Attorney
>
>KARA GIBBON HADEN
>Supervisory Trial Attorney
>
>**s/ Nicholas Walter**
>NICHOLAS  WALTER
>Trial Attorney (Fed. Bar No. 9975)
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>Charlotte District Office
>129 West Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Telephone:    704.954.6472
>Facsimile:    704.954-6412
>Email:        nicholas.walter@eeoc.gov